IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOAN W. WILSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>KOOTENAI HEALTH,<br><br>                    Defendant. | Case No.  2:11-CV-288-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**INTRODUCTION**

The Court has before it a motion to dismiss based on Rule 12(b)(6) filed by

defendant Kootenai Health.  The motion is fully briefed and at issue.  For the reasons set

forth below, the Court will grant the motion but give the plaintiff an opportunity to amend

her complaint.

**LITIGATION BACKGROUND**

Defendant Kootenai Health moves for dismissal on the ground that plaintiff

Wilson's complaint fails to meet the standards imposed by the *Iqbal/Twombly* line of

cases.  Wilson's complaint alleges that she is suing to "resolve a charge of discrimination

based on age and beliefs (i.e. religion) [and] to recover damages for ongoing harassment

. . . ." *See Complaint (Dkt. No. 1)* at p. 1.  According to Wilson, the person primarily

responsible for this "ongoing harassment" is not an employee of Kootenai Health, and

Wilson is reluctant to name the individual.  Wilson alleges that she lives in Seattle and influences Wilson's co-workers at Kootenai Health to make work more difficult for Wilson.  The Seattle harasser, Wilson alleges, at one time had a "professional-client relationship . . . in which [Wilson] was the client, and . . . Wilson ended in 1986." *Id*. at p. 7.  Wilson has not seen this person since 1986. *Id*. at p. 2.

Wilson alleges that the Seattle harasser calls Wilson's co-workers at Kootenai Health and "suggests a way a certain person [Wilson's co-worker] could mess me up, and when the [co-worker] gets the chance and tries it, she [the Seattle harasser] lets the woman [co-worker] know." *Id*. at p. 5.  The harasser "is an individual (empowered years ago by high ranking people in her church and in politics) who I've been unable to stop from interfering in my life . . . ." *Id*. at p. 2.

As an example of the harassment, Wilson alleges that a co-worker failed to timely notify her of an important assignment making it more difficult for Wilson to complete the assignment on time.  Wilson suspects that the Seattle harasser suggested this harassment technique to Wilson's co-worker who then employed it against Wilson.

As other examples, Wilson complains that (1) her manager is improperly trying to make her work only during the hours when her department is open to the public, and (2) she and co-workers receive "hang-up" calls – when they answer those calls, there is a prolonged silence on the other end and then the person hangs up.  Again, Wilson suspects that the Seattle harasser is behind these examples.

Wilson filed a complaint with the EEOC, and received a Letter of Dismissal and a

**Memorandum Decision & Order - 2**

Notice that she needed to file suit in 90 days if she was to retain her right to sue.  She has

filed this complaint for religious discrimination under the Title VII of the Civil Rights Act

of 1964 and for age discrimination under the Age Discrimination in Employment Act

(ADEA).

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief," in order to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 554 (2007).  While a complaint attacked by a Rule 12(b)(6)

motion to dismiss "does not need detailed factual allegations," it must set forth "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Id.* at 1965.

To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  A

claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.*, at 556.  The plausibility standard is not akin to a "probability requirement," but it asks

for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  Where a

complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

short of the line between possibility and plausibility of 'entitlement to relief."  *Id.* at 557.

In a more recent case, the Supreme Court identified two "working principles" that

**Memorandum Decision & Order - 3**

underlie *Twombly.  See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  First, the tenet

that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions.  *Id.*  "Rule 8 marks a notable and generous departure

from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.* at 1950.

 Second, only a complaint that states a plausible claim for relief survives a motion to

dismiss.  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . .

be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  *Id.*

      A dismissal without leave to amend is improper unless it is beyond doubt that the

complaint "could not be saved by any amendment."  *Krainski v. Nevada ex rel. Bd. of

Regents*, 616 F.3d 963 (9th Cir. 2010)(issued after *Iqbal*).[1]  The Ninth Circuit has held

that "in dismissals for failure to state a claim, a district court should grant leave to amend

even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe,

Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).

---

[1]  The Court has some concern about the continued vitality of the liberal amendment policy based
as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should
not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no
set of facts in support of his claim . . . ."  Given *Twombly* and *Iqbal*'s rejection of the liberal pleading
standards adopted by *Conley,* a question arises whether the liberal amendment policy still exists.
Nevertheless, the Circuit has continued to apply the liberal amendment policy even after dismissing
claims for violating *Iqbal* and *Twombly.*  Accordingly, the Court will continue to employ the liberal
amendment policy.

**Memorandum Decision & Order - 4**

The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

## ANALYSIS

Wilson's complaint is evaluated under the *Iqbal/Twombly* pleading standards even though she is a pro se plaintiff. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). She sues her employer for discrimination based on age and religion, but does not allege that she has suffered any adverse employment action based on those two factors. Her complaint contains no allegation that Kootenai Health has terminated her employment, denied her a promotion, reduced her wages or benefits, or taken any other negative employment-related action against her.

Further problems arise from Wilson's failure to name the Seattle harasser or the Kootenai Health co-workers who are allegedly influenced by her. Although Wilson alleges in her briefing that Kootenai Health's attorney knows their names, a defendant is entitled to have the names stated in the complaint so there is no question or uncertainty about the plaintiff's charges.

Wilson's complaint is also deficient for failing to contain any allegation that Kootenai Health is basing its harassment on her age or her religion. The complaint alleges that Wilson's co-workers are being influenced by a distant stranger, not by a desire to discriminate against Wilson because of her age and religion. Those allegations fail to state any claim under Title VII or the ADEA.

Moreover, Wilson's allegations that she was subjected to "ongoing harassment" by

being asked to work during her department's public hours and by receiving an untimely assignment do not constitute the type of "severe or pervasive" harassment sufficient to state a claim under Title VII. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (describing elements of hostile work environment). The other category of harassment alleged by Wilson – the "hang-up" phone calls – were the acts of the Seattle harasser and so cannot constitute harassing conduct by Kootenai Health.

Finally, Wilson's charges that Kootenai Health co-workers are being influenced by a distant stranger are so unplausible that they must be dismissed under *Iqbal*. If Wilson amends her complaint as suggested above, and another motion to dismiss is filed, the Court will have another opportunity to review the allegations under *Iqbal*. But the complaint as now drafted does not meet the *Iqbal/Twombly* standards and must be dismissed.

The Court will give Wilson an opportunity to file an amended complaint within 20 days from the date of this decision. If Wilson does not file an amended complaint within that deadline, the Court will enter a Judgment dismissing this case without further notice.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 5) is GRANTED.

IT IS FURTHER ORDERED, that within 20 days from the date of this decision, the plaintiff Joan Wilson shall file an amended complaint. If Wilson does not file an

**Memorandum Decision & Order - 6**

amended complaint within that deadline, the Court will enter a Judgment dismissing this case without further notice.



DATED:  **December 19, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 7**