UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOAN W. WILSON,<br><br>        Plaintiff,<br><br>    v.<br><br>KOOTENAI HEALTH,<br><br>        Defendant. | Case No. 2:11-CV-288-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is defendant Kootenai Health's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed and at issue. For the reasons set forth below, the Court will grant the motion without leave to amend.

### BACKGROUND

*Pro se* plaintiff Joan Wilson sues her employer, Kootenai Health (1) "to resolve a charge of discrimination based on Age and beliefs (i.e., Religion)," (2) "to recover damages for ongoing harassment," and (3) for "punitive damages." *See Compl.,* Dkt. 1, at 1; *Am. Compl.*, Dkt. 13, at 1. The Court dismissed Wilson's complaint but allowed Wilson the opportunity to file an amended complaint. Defendants contend that plaintiff's amended complaint still fails to state a claim upon which relief can be granted.

## THE FACTUAL ALLEGATIONS

In her amended complaint, plaintiff continues to allege that a third party – now identified as Dr. Barbara Wilson[1] – is primarily responsible for the "ongoing harassment" she allegedly experiences in the workplace.  Dr. Wilson is not affiliated with Kootenai Health in any way.  She is plaintiff's former counselor.  Plaintiff alleges that she ended the counselor/client relationship many years ago and that she has not "laid eyes on" Dr. Wilson since 1986.  *Am. Compl.*, Dkt. 13, at 4.

Nonetheless, plaintiff is convinced that Dr. Wilson is harassing her both in and out of the workplace.  As for the workplace harassment, plaintiff continues to rely on the same instances alleged in the first complaint.  Specifically, she alleges that (1) Dr. Wilson called plaintiff's co-workers and hung up without talking; (2) plaintiff's manager made her work from 8:30 to 4:00 p.m., rather than allowing a more flexible schedule; (3) plaintiff's co-worker sent a work request via an email address plaintiff did not often use, forcing plaintiff to rush to complete an assignment.  *See Am. Compl.,* Dkt. 13, ¶ 2-3.  Plaintiff's amended complaint adds new examples of "harassment," including these: (1) "the Library Technical Assistant can't bring herself to look up her from her work or acknowledge me."; and (2) "she frequently only gives me a short curt answer . . . ." *Id.* ¶ 1.

---

[1]In her first complaint, plaintiff did not identify Dr. Wilson.  She alleged only that this third party "lived in Seattle" and was "empowered years ago by high ranking people in her church and in politics . . . ." *Compl.*, Dkt. 1, at 2.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

Wilson argues that because her complaint is so unusual and complex, it should not be governed by the *Iqbal/Twombly* standard explained in the Court's previous order. *See Order,* Dkt. 12, at 3-5 (citing *inter alia, Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009)). The Court rejects this argument. Plaintiff's complaint is not complex and, more to the point, the *Iqbal/Twombly* standard originated in a complex antitrust litigation. *See Twombly*, 550 U.S. 554.

## ANALYSIS

The Court will dismiss Wilson's amended complaint because it fails to cure the deficiencies of her prior complaint. As the Court previously explained, Wilson's age discrimination claim fails because she has not alleged any adverse employment action based on her age.[2] Further, to the extent plaintiff relies on a hostile work environment theory, she has not alleged conduct sufficiently severe or pervasive to meet the legal standard for such a claim. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("offhand comments . . . and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment") (internal quotation marks and citation omitted); *Vasquez v. County of Los Angeles,* 349 F.3d 634, 652 (9th Cir. 2003) (describing elements of hostile work environment).

The new examples of "harassment" in the amended complaint (a co-worker's

---

[2]In opposing this motion, plaintiff indicates that she does not intend to pursue a discrimination claim based on religious beliefs. *See Plaintiff's Response,* Dkt. 19, at 1.

**MEMORANDUM DECISION AND ORDER - 3**

alleged refusal to make eye contact and her alleged penchant for curt answers) do not come close to supporting a hostile work environment claim and plaintiff concedes this point in her opposition. *See Plaintiff's Response,* Dkt. 19, at 2 ("I concede that my allegations and evidence for age discrimination against the Library Technical Assistant is insufficient to bring before the Court, even though the information that I provided is true."). Plaintiff then argues that some additional facts – which are not set forth in the amended complaint – support a hostile work environment claim. For example, plaintiff alleges that her former manager: (1) "wore all black to our One-on-One meeting"; (2) changed the time of a library staff lunch, thus requiring plaintiff to rush through what was supposed to be a "leisurely" lunch; and (3) increased plaintiff's workload and assigned additional performance goals; and (4) became intolerant of "normal, minor fluctuations" in plaintiff's daily work schedule. *Id.* at 6.

These factual allegations do not support a claim that the workplace at Kootenai Health was "permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of [her] employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. at 17, 21 (1993). The Court will therefore dismiss plaintiff's amended complaint. Further, because plaintiff has had ample opportunity to cure the deficiencies in her complaint and has failed to do so, the Court will dismiss the complaint without leave to amend.

## ORDER

**IT IS ORDERED** that defendant's motion to dismiss (Dkt. 15) is **GRANTED**.

Plaintiff's amended complaint is **DISMISSED** without leave to amend.



DATED:  **April 16, 2012**

_signature: B. Lynn Winmill_

Honorable B. Lynn Winmill
Chief U. S. District Judge